THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINFORD SNYDER, Appellant.

Third Department, October 24, 1985

### APPEARANCES OF COUNSEL

*Robert D. Cook* for appellant.

*Michael Kavanagh, District Attorney (Joan Lamb* of counsel), for respondent.

### OPINION OF THE COURT

KANE, J. P.

On February 15, 1981, defendant, while operating a motor vehicle, was involved in an accident in which the driver of the other vehicle died as a result of massive injuries sustained in that accident. Prior to the accident, defendant had been at a wedding reception where he consumed a number of alcoholic drinks over a four-hour period. The fatal accident occurred shortly after defendant left the reception, when he made a left turn onto the wrong side of a divided four-lane highway and collided with a motor vehicle traveling in the opposite direction.

In January 1982, defendant was convicted of one count of the crime of criminally negligent homicide (Penal Law § 125.10) and

two counts of the crime of operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [2], [3]). On appeal, this court reversed the judgment of conviction and ordered a new trial, after dismissing that count of the indictment which charged a violation of Vehicle and Traffic Law § 1192 (2), upon the ground that the prosecution failed to establish that the identity and integrity of a blood sample taken from defendant had been properly maintained (90 AD2d 894). Upon retrial, defendant was acquitted of criminally negligent homicide but convicted of operating a motor vehicle while intoxicated, in violation of Vehicle and Traffic Law § 1192 (3).

Seeking reversal of this conviction, defendant now contends that the prior dismissal of that count of the indictment charging a violation of Vehicle and Traffic Law § 1192 (2) (a charge depending solely upon the results of a chemical test for intoxication) prohibited the admission into evidence of the test results in the second trial and that other evidentiary rulings in regard to the chain of custody of the blood sample and the foundation for its admission were erroneous. Defendant's contentions must be rejected. The prior decision of this court determined that the admission into evidence of the blood sample taken from defendant was, under the circumstances then presented, erroneous. Thus, the reversal of the conviction for violation of Vehicle and Traffic Law § 1192 (2) was founded upon legal insufficiency. Accordingly, dismissal of that count of the indictment founded *solely* on such evidence was mandated by CPL 470.20 (2) and, of course, defendant could not be retried on such count because of well-established principles of double jeopardy. However, such evidence, along with any other relevant evidence of intoxication, is admissible upon the retrial of the counts charging criminally negligent homicide and operating a motor vehicle while in an intoxicated condition under Vehicle and Traffic Law § 1192 (3) (*see, People v Dycha,* 98 AD2d 966; *People v Magiera,* 97 AD2d 963).

Moreover, the fact that the prosecution, on the second trial, was able to cure the gaps in the chain of custody of the blood sample evidence found by this court on a prior appeal (90 AD2d 894, 895, *supra*) does not offend any principles of justice or fair play or the rule established by the Court of Appeals in *People v Havelka* (45 NY2d 636), a rule which applies *only* to suppression hearings (*see, e.g., People v Quarles,* 63 NY2d 923; *People v Cofresi,* 60 NY2d 728; *People v Adams,* 90 AD2d 1). The direction for a new trial restores the remaining charges of the indictment to their status prior to the initial trial and there is no impediment placed upon the prosecution which would limit its

proof of the elements essential to establish, by relevant evidence, defendant's guilt (*see,* CPL 470.55; *People v Graham,* 36 NY2d 633).

Finally, we find that the foundation for the admission of the blood test evidence was sufficiently established (*People v Julian,* 41 NY2d 340; *People v Scalzi,* 102 AD2d 952), which, together with other proof of defendant's intoxication, was sufficient to establish guilt beyond a reasonable doubt. We find no merit in defendant's attack upon the propriety of the hypothetical question posed to the prosecution's expert which related to defendant's weight and his blood-alcohol content. Although defendant's specific body weight was not in evidence, the expert's opinion, founded on other proof of intoxication, was properly received for consideration by the jury, which could accept or reject any part thereof as it saw fit (*People v Sugden,* 35 NY2d 453, 460-461), and any error which might have occurred for failure to establish defendant's exact weight must be considered harmless (*see, People v Crimmins,* 36 NY2d 230, 241).

MAIN, YESAWICH, JR., LEVINE and HARVEY, JJ., concur.

Judgment affirmed.