■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. DELFINO, Appellant.—Appeal by the defendant from three judgments of the Supreme Court, Kings County (Beldock, J.), all rendered December 17, 1986, convicting him of robbery in the second degree, upon his plea of guilty, under indictment No. 7090/84, robbery in the first degree, upon a jury verdict, under indictment No. 1389/85, and robbery in the first degree, upon his plea of guilty, under indictment No. 3701/86, and imposing sentences.

Ordered that the judgments are affirmed.

The defendant contends that the People failed to prove his identity as the robber beyond a reasonable doubt with regard to the conviction under indictment No. 1389/85. However, viewing the evidence adduced at the trial in a light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant testified that he observed the robber under excellent lighting conditions for about 7 to 10 minutes during the course of the robbery. The robber stood 2½ feet away from the complainant, whose view was not obstructed at any time. Further, the complainant made an unequivocal in-court identification of the defendant as the robber.

We find no merit to the defendant's further contention that because of certain discrepancies between the description of the robber and the defendant's actual physical appearance, the prosecution's witnesses should not have been believed by the jury. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We have examined the defendant's remaining contention regarding the excessiveness of the sentences imposed under all the indictments and find it to be without merit. Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.