■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CERVANTES VARGAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (LeVine, J.), rendered May 10, 1990, convicting him of robbery in the first degree and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Shortly after midnight on September 19, 1989, the complainant was walking to his home in Queens when he was approached by the defendant and an unidentified man. The defendant asked the complainant for a street address, and when the complainant replied that he did not know where the street was located, the defendant's companion suddenly announced, "this is a stickup, don't yell". The defendant and his companion then struck the complainant in the head, neck, and stomach with an iron bar, and robbed him of a watch and a chain before fleeing. Approximately one month later, the

complainant was on his way home from work when he recognized the defendant on a street corner. The complainant proceeded home, and immediately called the police. Later that evening, two police officers drove the complainant through the neighborhood in their patrol car until he spotted the defendant and identified him as one of his assailants.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as one of the individuals who robbed the complainant. While the defendant contends that the complainant's identification testimony was not credible, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness (see, People v Gaimari, 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant's remaining contention is unpreserved for appellate review. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.