■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMITT PITTMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldman, J.), rendered April 9, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to adduce legally sufficient proof of his identity as the robber beyond a reasonable doubt is unpreserved for appellate review *(see, People v Colavito,* 70 NY2d 996; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245, 250). In any event, viewing the evidence adduced at trial in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The complainant testified that she observed the defendant several times in the neighborhood, prior to the incident. During the robbery, the complainant viewed the defendant in a well-lit elevator where the defendant stood face-to-face with, and "inches" away from, the complainant, whose view was not obstructed at any time. In fact, the complainant testified that she and the defendant exchanged words during the incident. Furthermore, the complainant made an unequivocal in-court identification of the defendant as the robber.

We find no merit to the defendant's further contention that because of certain discrepancies between the complainant's description of the robber and the defendant's actual physical appearance, the prosecution's witnesses should not have been believed by the jury *(see, People v Vargas,* 183 AD2d 929; *People v Caballero,* 177 AD2d 496; *People v Quevedo,* 156 AD2d 265; *People v Delfino,* 150 AD2d 718). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.