■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRAD BENNETT, Appellant. [660 NYS2d 772] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of felony driving while intoxicated and reckless endangerment in the second degree.

Supreme Court did not err in limiting defense counsel's

questioning of prospective jurors concerning their possible bias toward police witnesses. The court has broad discretion to supervise the scope of voir dire to preclude repetitive, irrelevant, or otherwise improper questioning, including questioning of jurors with regard to their knowledge of or attitude toward matters of law (*see*, CPL 270.15 [1] [c]; *People v Jean*, 75 NY2d 744, 745; *People v Pepper*, 59 NY2d 353, 358-359; *People v Boulware*, 29 NY2d 135, 141, *mot to amend remittitur denied* 29 NY2d 670, *rearg denied* 29 NY2d 749, *cert denied* 405 US 995). Under the circumstances, defense counsel was not deprived of a fair opportunity to question prospective jurors about relevant matters (*see, People v Jean, supra*, at 745). Although counsel may have been precluded from asking the jurors, in general, whether and how they would evaluate the credibility of police witnesses, the court nonetheless granted counsel leeway to ask whether the association of particular jurors with police or other law enforcement officials would impair their ability to judge the case fairly and impartially. Moreover, the court instructed the jurors concerning their evaluation of credibility of all witnesses, specifically charging that the test for evaluating police officers' testimony was the same as that for evaluating the testimony of other witnesses, and that police officers were not presumed to be more or less truthful than other witnesses. Thus, we conclude that the court did not abuse its discretion and defendant was not prejudiced (*see, People v Jean, supra*, at 745).

Given the testimony of the police officers concerning their qualifications, the court did not err in instructing the jurors that the police officers were experts in determining a person's state of intoxication (*cf., Romano v Stanley*, 220 AD2d 5, 7-8; *Senn v Scudieri*, 165 AD2d 346, 351-352; *Scheu v High-Forest Corp.*, 129 AD2d 366, 371; *People v Snyder*, 110 AD2d 296, 298). No challenge was raised with respect to the admissibility of the officers' opinion that defendant was intoxicated, and indeed it is well established that even a lay witness may render such an opinion (*see, People v Cruz*, 48 NY2d 419, 428, *appeal dismissed* 446 US 901; *Renzo v Tops Friendly Mkts.*, 136 AD2d 952). Further, the court instructed the jurors that they were free to accept or reject any expert's opinion and form their own opinion concerning any matter in controversy.

The court did not err in denying the motion for recusal. Absent a legal disqualification under Judiciary Law § 14, recusal is a discretionary decision within the personal conscience of the Trial Judge, who is the sole arbiter of that issue (*see, People v Moreno*, 70 NY2d 403, 405). Contrary to defendant's conten-

tion, it is a routine and permissible practice for a Trial Judge to sit as a trier of fact despite his having conducted or presided over prior related proceedings (*see, People v Moreno, supra,* at 405-406; *People v Latella,* 112 AD2d 324, *lv denied* 65 NY2d 983, 66 NY2d 616; *cf., People v McCann,* 85 NY2d 951). Therefore, it was not inappropriate for the court, having previously accepted and vacated codefendant's guilty plea, to preside over a jury trial of defendant and codefendant.

We have considered defendant's remaining contentions, and we conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Felony Driving While Intoxicated.) Present—Pine, J. P., Lawton, Callahan, Doerr and Fallon, JJ.