■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUTH GREENING, Appellant. [679 NYS2d 767] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her after a jury trial of assault in the second degree (Penal Law § 120.05 [2]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). We reject the contentions of defendant that Supreme Court erred in refusing to recuse itself (see, People v Bennett, 238 AD2d 898, 899, lv denied 90 NY2d 890, cert denied 524 US 918) and in summarily denying her motion to set aside the verdict (see, CPL 330.30 [3]; 330.40). The verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). Defendant failed to preserve for our review her contention that she was deprived of her right to an impartial jury because the court improperly precluded defense counsel from questioning prospective jurors with respect to possible bias concerning police witnesses. Only codefendant's attorney attempted to ask questions concerning that issue, and defendant may not rely on an objection by codefendant's attorney during the joint trial to preserve an issue (see, People v Buckley, 75 NY2d 843, 846; People v Klavoon, 207 AD2d 979, 980, lv denied 84 NY2d 908). In any event, we note that we rejectedthe same contention

made by codefendant (*see, People v Bennett, supra,* at 898-899). Finally, defendant contends that she was deprived of a fair trial by prosecutorial misconduct on cross-examination of defendant and on summation. Defendant did not object to the comments of the prosecutor on summation or to some of the prosecutor's cross-examination of defendant, thereby failing to preserve for our review those alleged instances of prosecutorial misconduct (*see,* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). In any event, although some of the conduct of the prosecutor was improper, it was not so egregious that it deprived defendant of a fair trial (*see, People v Church,* 244 AD2d 953). (Appeal from Judgment of Supreme Court, Erie County, Tills, J.—Assault, 2nd Degree.) Present—Denman, P. J., Pine, Hayes, Pigott, Jr., and Balio, JJ.