■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. CURRIE, Appellant. [16 NYS3d 866]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Robbins, J.), rendered November 28, 2011, convicting him of murder in the second degree, robbery in the first degree (two counts), robbery in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions, of the suppression of physical evidence and the defendant's statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly determined that the police had reasonable suspicion to stop and detain him based upon the contents of a police dispatcher's radio broadcast providing a general description of the perpetrator, the proximity of the defendant to the site of the crime, and the short passage of time between the commission of the crime and the observation of the defendant (*see People v Palmer*, 84 AD3d 1414, 1414 [2011]; *People v Holland*, 4 AD3d 375, 376 [2004]). Further, the police had probable cause to arrest the defendant upon learning from a computer check that there was an open warrant for his arrest in North Carolina (*see People v Gary*, 19 AD3d 1118, 1119 [2005]; *see gener-*

*ally People v De Bour*, 40 NY2d 210, 223 [1976]). Accordingly, the Supreme Court properly declined to suppress physical evidence.

The Supreme Court also properly declined to suppress the defendant's statements to law enforcement officials after being informed of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]; *People v Williams*, 106 AD3d 759, 760 [2013]). Based upon the totality of the circumstances, the defendant's post-*Miranda* statements were voluntarily made (*see People v Lee*, 105 AD3d 870, 871 [2013]; *People v DeCampoamor*, 91 AD3d 669 [2012]), and he voluntarily waived his *Miranda* rights prior to making the statements (*see People v Williams*, 62 NY2d 285, 289-290 [1984]). Further, the defendant's post-*Miranda* statements were not tainted by his earlier pre-*Miranda* statements, as the first interrogation was very brief, and the defendant made no inculpatory statements (*see People v White*, 10 NY3d 286, 291-292 [2008]). Moreover, the time differential of approximately one hour between the defendant's pre-*Miranda* statements and his post-*Miranda* inculpatory statements was sufficiently pronounced to dissipate the taint of the *Miranda* violation (*see id.* at 292).

Contrary to the defendant's contention, the trial testimony of the arresting officer regarding a description of one of the suspects did not constitute inadmissible hearsay, as it was admitted to complete the narrative of events leading to the defendant's arrest (*see People v Speaks*, 124 AD3d 689 [2015], *lv granted* 24 NY3d 1222 [2015]; *People v Walker*, 70 AD3d 870 [2010]). The defendant's contention that the testimony violated his rights under the Confrontation Clause of the Sixth Amendment of the United States Constitution is unpreserved for appellate review, as the defendant did not object to the testimony on that ground (*see People v Walker*, 70 AD3d at 871). In any event, the contention is without merit (*see People v Rahman*, 119 AD3d 820 [2014]).

The defendant's contentions with respect to the propriety of the prosecutor's comments in summation are unpreserved for appellate review (*see People v Mamadou*, 129 AD3d 993 [2015]). In any event, the comments did not deprive the defendant of a fair trial and do not warrant reversal (*see People v Alleyne*, 128 AD3d 715 [2015]; *People v Smith*, 127 AD3d 790 [2015]; *People v Edwards*, 63 AD3d 855 [2009]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.