# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**887**

**KA 14-00529**

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JOSUE GONZALES, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSUE GONZALES, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered November 26, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). Although we agree with defendant that certain actions of the prosecutor during the grand jury proceedings were improper, we conclude that County Court properly determined that the exceptional remedy of dismissal of the indictment is not warranted (*see generally People v Huston*, 88 NY2d 400, 409; *People v Elioff*, 110 AD3d 1477, 1477-1478, *lv denied* 22 NY3d 1040). To the extent that defendant challenges the sufficiency of the evidence before the grand jury, that contention is "not reviewable on this appeal from the ensuing judgment based upon legally sufficient trial evidence" (*People v Edgeston*, 90 AD3d 1535, 1535-1536, *lv denied* 19 NY3d 973). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Contrary to defendant's contention, the court did not err in allowing the prosecutor to introduce, on redirect examination, the prior consistent statement of a prosecution witness. Even assuming, arguendo, that the court erred in allowing the prior consistent

statement under the rationale that the trial testimony of the witness was "assailed—either directly or inferentially—as a recent fabrication" by defense counsel on cross-examination (*People v McDaniel*, 81 NY2d 10, 18), we conclude that the court properly determined, as a second rationale, that defense counsel had opened the door to that testimony on cross-examination (*see People v Melendez*, 55 NY2d 445, 451).  It is well established that "[w]here . . . the opposing party 'opens the door' on cross-examination to matters not touched upon during the direct examination, a party has the right on redirect 'to explain, clarify and fully elicit [the] question only partially examined' on cross-examination" (*id.*).  "[A] trial court should decide 'door-opening' issues in its discretion, by considering whether, and to what extent, the evidence or argument said to open the door is incomplete and misleading, and what if any otherwise inadmissible evidence is reasonably necessary to correct the misleading impression" (*People v Massie*, 2 NY3d 179, 184).  In our view, once defense counsel elicited selected portions of the prior statement of the witness on cross-examination, the prosecutor was free to elicit the balance of the statement in order to give the evidence before the jury its full and accurate context.  Contrary to defendant's further contention on this point, the court "allow[ed] [only] so much additional evidence to be introduced on redirect as [was] necessary to 'meet what ha[d] been brought out in the meantime upon the cross-examination' " (*Melendez*, 55 NY2d at 452).

Contrary to the contention of defendant, he received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 141).  Defense counsel's failure to obtain an expert on identification evidence does not constitute ineffective assistance of counsel inasmuch as " '[d]efendant has not demonstrated that such testimony was available, that it would have assisted the jury in its determination or that he was prejudiced by its absence' " (*People v Jurgensen*, 288 AD2d 937, 938, *lv denied* 97 NY2d 684).  Furthermore, "[d]efense counsel's failure to request a missing witness charge did not constitute ineffective assistance of counsel [inasmuch as t]here was no indication that the witness would have provided noncumulative testimony favorable to the People" (*People v Smith*, 118 AD3d 1492, 1493, *lv denied* 25 NY3d 953).  Lastly, defendant failed to demonstrate the absence of strategic or other legitimate explanations for counsel's alleged error in failing to request an "expanded" single eyewitness jury instruction (*see generally People v Stanley*, 108 AD3d 1129, 1130, *lv denied* 22 NY3d 959).

Defendant also contends that he was deprived of a fair trial based on improper remarks from the prosecutor during the cross-examination of witnesses and during opening and closing statements.  Defendant failed to preserve his contention for our review with respect to many of the instances of alleged misconduct (*see* CPL 470.05 [2]).  In any event, we reject defendant's contention inasmuch as "[r]eversal on grounds of prosecutorial misconduct 'is mandated only when the conduct has caused such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Rubin*, 101 AD2d 71, 77, *lv denied* 63 NY2d 711).  To the extent that any of the prosecutor's comments during opening or closing statements

exceeded the bounds of propriety, we conclude that they " 'were not so pervasive or egregious as to deprive defendant of a fair trial' " (*People v Jackson*, 108 AD3d 1079, 1080, *lv denied* 22 NY3d 997).  We reject defendant's further contention that the photo array shown to two witnesses was unduly suggestive inasmuch as it did not "create a substantial likelihood that the defendant would be singled out for identification" (*People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).  Additionally, we conclude that the sentence is not unduly harsh or severe.

Defendant failed to preserve for our review his contentions in his pro se supplemental brief concerning the court's questioning of potential jurors, and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention in his pro se supplemental brief, we conclude that he failed to satisfy his burden of coming forward with substantial evidence that he was absent from a material stage of the trial (*see People v Andrew*, 1 NY3d 546, 547; *People v Chacon*, 11 AD3d 906, 907, *lv denied* 3 NY3d 755).  "The absence of a notation in the record indicating that defendant was present is not sufficient to demonstrate that he was not present" (*People v Martin*, 26 AD3d 847, 848, *affd sub nom. People v Kisoon*, 8 NY3d 129).  In any event, the bench and sidebar conferences referenced by defendant in his pro se supplemental brief "did not implicate his peculiar knowledge or otherwise present the potential for his meaningful participation" (*People v Fabricio*, 3 NY3d 402, 406).  As a consequence, contrary to defendant's final contention in his pro se supplemental brief, there is no reason to remit this matter for a reconstruction hearing (*see People v Foster*, 1 NY3d 44, 49).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court