People v Kinard (2020 NY Slip Op 05775)





People v Kinard


2020 NY Slip Op 05775


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-06043
 (Ind. No. 7578/15)

[*1]The People of the State of New York, respondent,
v
Darrell Kinard, appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Sullivan & Cromwell, LLP [Joshua D. Tannen], of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent Del Giudice, J.), rendered April 25, 2017, convicting him of predatory sexual assault (two counts) and burglary in the second degree as a sexually motivated felony, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the Supreme Court violated his Sixth Amendment right to confrontation by admitting into evidence records of a DNA analysis performed by the Office of the Chief Medical Examiner of the City of New York is unpreserved for appellate review, since defense counsel did not object to the admission of either the records or the accompanying testimony on the basis that their admission violated the Confrontation Clause (see CPL 470.05[2]; People v Morales, 176 AD3d 1235, 1235-1236, lv granted 35 NY3d 972; People v Davis, 171 AD3d 1209). In any event, the defendant's contention is without merit. The testifying criminalist indicated that she performed testing, assisted with generating the DNA profile which she compared to a buccal swab taken from the defendant, independently analyzed all of the raw data and reviewed all of the tests, and ultimately reported her final conclusions. Thus, the criminalist was not functioning merely as "a conduit for the conclusions of others" (People v Austin, 30 NY3d 98, 105 [internal quotation marks omitted]; see People v Morales, 176 AD3d at 1236).
The defendant's contention that his counsel was ineffective for failing to preserve the Confrontation Clause issue for appellate review, and further, for failing to mount an appropriate defense is without merit (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court