People v Chianese (2021 NY Slip Op 02814)





People v Chianese


2021 NY Slip Op 02814


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2018-11193
 (Ind. No. 17-01063)

[*1]The People of the State of New York, respondent,
v
William D. Chianese, appellant.


Richard L. Herzfeld, New York, NY, for appellant. 
Timothy D. Sini, District Attorney, Riverhead, NY (Marcia R. Kucera and Glenn Green of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Anthony Senft, Jr., J.), rendered August 24, 2018, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
After a jury trial, the defendant was convicted of assault in the second degree arising out of an altercation during which he repeatedly struck the complainant in the head with a hammer.
Contrary to the defendant's contention, the County Court providently exercised its discretion in granting the People's for-cause challenges to two prospective jurors. The evidence in the record established that those prospective jurors each evinced "a state of mind that [was] likely to preclude [each of them] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20[1][b]). Taken as a whole, the responses given by those prospective jurors "raise[d] a serious doubt regarding [their] ability to be impartial" (People v Warrington, 28 NY3d 1116, 1119 [internal quotation marks omitted]; see CPL 270.20[1][b]; People v Harris, 19 NY3d 679, 685; People v Johnson, 17 NY3d 752, 753). Their subsequent responses fell far short of providing "unequivocal assurance[s] of impartiality" (People v Warrington, 28 NY3d at 1120; see People v Gross, 172 AD3d 741, 743) or "demonstrat[ing] an absolute belief that [their] opinion[s] [would] not influence [their] verdict" (People v Reyes, 125 AD3d 892, 892 [emphasis and internal quotation marks omitted]; see People v Garcia, 125 AD3d 882, 883; People v MacFarlane, 87 AD3d 700, 701).
The defendant's contention that he was deprived of a fair trial due to the County Court's excessive interference in the trial is unpreserved for appellate review (see People v Charleston, 56 NY2d 886, 887; People v Jiminez, 148 AD3d 1054, 1054; People v Ojeda, 118 AD3d 919, 919), and we decline to reach this issue in the exercise of our interest of justice jurisdiction.
Contrary to the defendant's contention, the County Court providently exercised its discretion in excluding certain photographs from evidence, as the defendant failed to lay a sufficient foundation for their admission (see People v Price, 29 NY3d 472, 479-480).
The defendant's further contention that he was deprived of a fair trial when the County Court permitted the People to offer the rebuttal testimony of a certain witness is unpreserved for appellate review (see CPL 470.05[2]), and we decline to reach this issue in the exercise of our interest of justice jurisdiction.
The defendant's contention that the County Court's supplemental charge on the definition of "initial aggressor" deprived him of a fair trial is without merit. The supplemental charge conveyed a correct statement of the law (see People v Mateo, 5 AD3d 507). Moreover, the charge, read in its entirety, was fair, balanced, and not prejudicial to the defendant (see People v Mitchell, 129 AD2d 589, 590).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.

2018-11193 DECISION & ORDER ON MOTION
The People, etc., respondent,
v William D. Chianese, appellant.
(Ind. No. 17-01063)

Motion by the respondent, inter alia, to reconstruct the respondent's Exhibit 22 at trial on an appeal from a judgment of the County Court, Suffolk County, rendered August 24, 2018. By decision and order on motion of this Court dated September 25, 2020, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, and no papers having been filed in opposition or in relation thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the motion which is to reconstruct the respondent's Exhibit 22 at trial is denied.
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court