People v Catano-Lezcano (2021 NY Slip Op 21354)

People v Catano-Lezcano

2021 NY Slip Op 21354 [74 Misc 3d 28]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 2d, 11th 
and 13th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, February 23, 2022

[*1]

The People of the State of New York, Respondent,
v
Fernando Catano-Lezcano, Appellant.

Supreme Court, Appellate Term, Second Department, 2d, 11th and 13th Judicial Districts, December 17, 2021

APPEARANCES OF COUNSEL

Appellate Advocates (Patricia Pazner and Patty C. Walton of counsel) for appellant.
Melinda Katz, District Attorney (Johnnette Traill, Ellen C. Abbot and Eunice Villantoy of counsel), for respondent.

{**74 Misc 3d at 29} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction, insofar as appealed from, is affirmed.
After a jury trial, defendant was convicted of driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]) and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]). As limited by his brief, defendant only challenges his conviction of driving while intoxicated (common law). On appeal, defendant contends that the Criminal Court erred in admitting into evidence at trial a police officer's opinion testimony that defendant was intoxicated.
Defendant's contention is unpreserved for our review, as defendant failed to object to the testimony with specificity (see People v Britt, 34 NY3d 607, 616 [2019]; People v Arroyo, 59 AD3d 634, 634 [2009]). In any event, defendant's contention lacks merit.[FN*] It is well established [*2]that opinion testimony regarding a defendant's state of intoxication is admissible from an expert witness and even from a lay witness (see People v Cruz, 48 NY2d 419, 428 [1979]; People v Beharry, 139 AD3d 869, 870 [2016]; People v Bennett, 238 AD2d 898, 899 [1997]; People v Brown, 44 Misc 3d 129[A], 2014 NY Slip Op 50984[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Indeed, in the case of People v Brown (2014 NY Slip Op 50984[U], *2), {**74 Misc 3d at 30}wherein police officers offered opinion testimony as to defendant's intoxication, this court stated the following:
"As for the officers' opinions of the degree of defendant's state of intoxication, it is well settled that such testimony is admissible even from a lay witness (e.g. People v Cruz, 48 NY2d 419, 429 [1979]; People v Bennett, 238 AD2d 898, 899 [1997]) and, here, the officers testified to their police academy training as well as their professional and social experience with respect to the detection of persons under the influence of alcohol. This testimony provided an adequate foundation to qualify them to offer expert opinions as to defendant's state of intoxication."
Similarly, here, the police officer testified as to his training as well as his professional and social experience with respect to the detection of persons under the influence of alcohol. The officer's testimony provided an adequate foundation to qualify him to offer expert opinion as to defendant's state of intoxication (see People v Brown, 2014 NY Slip Op 50984[U], *2).
Furthermore, the Criminal Court instructed the jury that they were free to accept or reject a witness's testimony and that it was their duty to determine the facts in this case (see People v Bennett, 238 AD2d at 899), and the jury is presumed to have followed the court's instructions (see People v Stone, 29 NY3d 166, 171 [2017]; People v Baker, 14 NY3d 266, 274 [2010]). Even assuming that the testimony at issue should not have been admitted, any error in this regard was harmless, as there was overwhelming evidence of defendant's guilt and no significant probability that the error might have contributed to defendant's conviction (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Kennedy, 69 AD3d 881, 882 [2010]; People v Arroyo, 59 AD3d at 635).
Accordingly, the judgment of conviction, insofar as appealed from, is affirmed.
Dissenting opinion by Weston, J.
Weston, J. (dissenting and voting to reverse the judgment of conviction, insofar as appealed from, and to remit the matter to the Criminal Court for a new trial on the count of driving while intoxicated [common law] in the following memorandum). I disagree with the majority's conclusion that the trial court providently exercised its discretion in allowing the People to elicit expert opinion testimony on the issue of intoxication. Whether defendant was intoxicated called for a factual finding,{**74 Misc 3d at 31} the resolution of which was [*3]exclusively within the province of the jury. By introducing expert testimony that defendant was intoxicated, the prosecution effectively removed that issue from the jury's consideration. In a case where there was already ample proof of defendant's intoxication, the officer's opinion testimony was unnecessary and its probative worth, if any, was outweighed by its prejudicial effect. Accordingly, I respectfully dissent and vote to reverse the judgment of conviction.
As an initial matter, I disagree with the majority that the error was not preserved, as defense counsel repeatedly objected at trial to the People's attempts to elicit expert opinion testimony. Even if a more specific objection were required, I would review the error in the interest of justice (see CPL 470.15 [3] [c]).
Although the decision to admit expert testimony lies within the trial court's discretion, that discretion is informed by the jurors' "day-to-day experience" and knowledge, and whether they "would benefit from the specialized knowledge of an expert witness" (People v LeGrand, 8 NY3d 449, 455-456 [2007] [internal quotation marks omitted]; see People v Taylor, 75 NY2d 277, 288 [1990]). In exercising that discretion, a court must be mindful not to encroach on the jury's role as factfinder. Indeed, "[t]he jury may be aided, but not displaced, in the discharge of its fact-finding function by expert testimony where there is reason to suppose that such testimony will elucidate some material aspect of the case that would otherwise resist comprehension by jurors of ordinary training and intelligence" (People v Inoa, 25 NY3d 466, 472 [2015]). This requirement applies equally to lay opinion testimony. Lay opinion testimony is only permissible when the facts of the case cannot be described in a way that would assist the jury in reaching an accurate judgment, "and no better evidence than such opinions is attainable" (People v Cronin, 60 NY2d 430, 433 [1983] [internal quotation marks omitted]). Even if an issue calls for expert testimony, such testimony may still be inadmissible if its probative value is outweighed by the potential for undue prejudice (see People v Rivers, 18 NY3d 222, 228 [2011]). Weighing these factors, I conclude that the trial court abused its discretion in admitting the police officer's expert opinion testimony that defendant was intoxicated.
Instead of assisting the jury in its fact-finding function, the officer effectively usurped that function by lending his professional and personal expertise to opine on the ultimate issue in{**74 Misc 3d at 32} the case—whether defendant was intoxicated. Nothing in the resolution of this issue requires any technical or specialized expertise. To the contrary, it is well within the ken of the average juror to determine whether an individual is intoxicated or not. The jury in this case had before it overwhelming proof of intoxication, including the opining officer's own observations of defendant and the results of defendant's breath test, which the officer himself had administered. Given this evidence, the officer's expert opinion was patently unnecessary, and served only to bolster the arresting officer's testimony and give credence to the People's position that defendant was intoxicated. Having participated in the matter being tried, "with the mantle of an expert steeped in the particulars of the case," the officer gave "seemingly authoritative testimony directly instructive of what facts the jury should find" (People v Inoa, 25 NY3d at 472). On this record, the probative value in admitting the officer's expert opinion testimony was far outweighed by its prejudicial impact, and the court's subsequent general instructions to the jury did not alleviate that prejudice (see People v Stanard, 32 NY2d 143, 148 [1973]). Accordingly, the testimony should have been excluded.
This court's decision in People v Brown (44 Misc 3d 129[A], 2014 NY Slip Op 50984[U][*4][App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]) does not warrant a contrary result. There, this court concluded that the trial court properly permitted the officers to testify as to the "degree" of defendant's state of intoxication (2014 NY Slip Op 50984[U], *2). In so concluding, this court relied on dicta in People v Cruz (48 NY2d 419 [1979]), which simply stated that "intoxication does not require expert opinion," and that a layperson is competent to make that determination (id. at 428). I see nothing in People v Cruz that sanctions expert opinions on issues that are within the purview of the average juror and that do not enable the jury to form an accurate judgment. Indeed, the Court of Appeals in Cruz made clear that "[i]ntoxication is not an unfamiliar concept. It is intelligible to the average person" (id. at 427). As such, I decline to follow this court's decision in People v Brown as dispositive authority on the issue now before us.
Although I agree with the majority that the proof in this case was overwhelming, I conclude that, notwithstanding this proof, the error so deeply infected the verdict that it was not harmless (see People v Mairena, 34 NY3d 473, 485 [2019]). The ultimate issue in this case was whether defendant was{**74 Misc 3d at 33} intoxicated. By proffering both his personal and professional expertise on an issue central to the People's case, the officer created an aura of authority that likely influenced the jury to credit that expertise as conclusive proof of defendant's guilt. In these circumstances, I cannot agree with the majority that there was no significant probability that the jury would have acquitted defendant but for the error (see id.).
Accordingly, I vote to reverse the judgment of conviction, insofar as appealed from, and to remit the matter to the Criminal Court for a new trial on the count of common-law driving while intoxicated.
Toussaint, J.P., and Elliot, J., concur; Weston, J., dissents in a separate memorandum.

Footnotes

Footnote *:To the extent that defendant contends that defense counsel was ineffective for failing to raise a specific objection, we find that defendant's contention is without merit, as this alleged single error was not sufficiently egregious and prejudicial as to compromise defendant's right to a fair trial (see People v Maffei, 35 NY3d 264, 269 [2020]; People v Caban, 5 NY3d 143, 152 [2005]), and defense counsel's performance at trial, viewed in its totality, amounts to meaningful representation (see generally People v Lopez-Mendoza, 33 NY3d 565, 571 [2019]).