People v Mack (2022 NY Slip Op 02134)





People v Mack


2022 NY Slip Op 02134


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
WILLIAM G. FORD, JJ.


2014-09703
 (Ind. No. 1521/13)

[*1]The People of the State of New York, respondent,
v
Jonathan Mack, appellant.


Stacey Eves, Long Beach, NY, for appellant, and appellant pro se. 
Anne T. Donnelly, District Attorney, Mineola, NY (Kevin C. King and Donald Berk of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (George R. Peck, J.), rendered October 8, 2014, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The Supreme Court properly precluded the defendant from introducing purported prior inconsistent statements by a prosecution witness, because by failing to confront that witness with the statements and asking her whether she made them, the defendant failed to lay a proper foundation for their admission (compare People v Oliver, 193 AD3d 1081, 1082-1083, and People v Robertson, 172 AD3d 1239, 1239-1240, with People v Collins, 145 AD3d 1479, 1480). To the extent that the defendant is arguing that he was deprived of his right to present a defense, such claim is unpreserved for appellate review (see CPL 470.05[2]; People v Bush, 184 AD3d 1007; People v Connelly, 32 AD3d 863, 863), and we decline to review it in the exercise of our interest of justice jurisdiction.
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel by his attorney's failure to lay a proper foundation for the admission of prior inconsistent statements (see People v Henry, 297 AD2d 585, 586; People v Newton, 138 AD2d 415, 416).
The defendant's remaining contentions, raised in his pro se supplemental brief, are based on matter dehors the record, and therefore, cannot be addressed on direct appeal (see People v King, 144 AD3d 1176, 1177).
BARROS, J.P., RIVERA, WOOTEN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court