People v Cruz (2022 NY Slip Op 06490)

People v Cruz

2022 NY Slip Op 06490

Decided on November 16, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2018-02147
 (Ind. No. 9026/15)

[*1]The People of the State of New York, respondent,
v
Jhonny Cruz, appellant.

Patricia Pazner, New York, NY (Sam Feldman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Denise Pavlides of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ruth Shillingford, J.), rendered December 1, 2017, convicting him of attempted assault in the first degree (two counts), criminal possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court properly determined that the police had reasonable suspicion to stop and detain him based upon the contents of a police dispatcher's radio broadcast providing a general description of the perpetrator, the proximity of the defendant to the site of the crime, and the short passage of time between the commission of the crime and the observation of the defendant (see People v Currie, 131 AD3d 1265, 1265).
Contrary to the defendant's contention, the Supreme Court properly dismissed a juror pursuant to CPL 270.35 after determining, based on a thorough inquiry, that the juror had disregarded its instructions by discussing the case outside of the courtroom and then lied about the substance of the discussion when questioned by the court (see CPL 270.35; People v Havner, 19 AD3d 508).
The defendant contends that he was deprived of his constitutional rights to confrontation and to present a defense because a complainant was not recalled to testify to impeach another witness with a purported prior inconsistent statement. This contention is unpreserved for appellate review (see CPL 470.05[2]; People v Mack, 203 AD3d 1178) and, in any event, without merit (see People v Allen, 24 NY3d 441, 450). Further, the defendant was not deprived of his right to effective assistance of counsel based on counsel's failure to preserve this contention, since "an attorney is not deemed ineffective for failing to pursue an argument that had little or no chance of success" (People v Ennis, 11 NY3d 403, 415).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., CHRISTOPHER, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court