People v Patterson (2025 NY Slip Op 04022)

People v Patterson

2025 NY Slip Op 04022

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2017-11419
 (Ind. No. 5671/15)

[*1]The People of the State of New York, respondent,
v
Dillon Patterson, appellant.

Patricia Pazner, New York, NY (Leila Hull and Tammy E. Linn of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and David Cao of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (ShawnDya L. Simpson, J.), rendered October 12, 2017, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the fifth degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (John G. Ingram, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification evidence.
ORDERED that the judgment is affirmed.
The defendant and two codefendants were arrested after an incident in which two complainants allegedly were robbed at gunpoint in their residence. One of the complainants identified the defendant as one of the perpetrators at a showup identification procedure, while the other complainant identified the defendant as one of the perpetrators for the first time in court during the trial. The complainants' property was recovered from the defendant's person after he was arrested. The defendant's DNA was found on a gun and a t-shirt recovered after the crime occurred.
The Supreme Court did not err in denying that branch of the defendant's omnibus motion which was to suppress physical evidence. The People established that the police had reasonable suspicion that the defendant had committed a crime (see People v Johnson, 40 NY3d 172, 175-176; People v Taylor, ____ AD3d ____, ____, 2025 NY Slip Op 02937, *3-4; People v Hernandez, 223 AD3d 751, 753). Resolution of this issue requires an evaluation of the totality of the circumstances (see People v Taylor, ____ AD3d at ____, 2025 NY Slip Op 02937, *4; People v Hernandez, 223 AD3d at 754). Here, the court properly determined that the police had reasonable suspicion to stop and detain the defendant based upon a general description of the perpetrators, the proximity of the defendant to the scene of the crime, and the short passage of time between the commission of the crime and the observation of the defendant (see People v Woods, 98 NY2d 627, 628-629; People v Cruz, 210 AD3d 903, 903; People v Sonam, 180 AD3d 717, 718; People v Currie, 131 AD3d 1265, 1265).
Likewise, the Supreme Court properly denied that branch of the defendant's omnibus [*2]motion which was to suppress identification evidence on the ground that the showup identification procedure was not unduly suggestive (see People v Lowe, 237 AD3d 1225; People v Deas, 226 AD3d 823, 825; People v Rodriguez, 224 AD3d 783, 784).
The defendant was not deprived of a fair trial by the in-court identification made by one of the complainants. "The admissibility of a first-time, in-court identification is . . . vested to the discretion of the trial court" (People v Perdue, 41 NY3d 245, 252). "In exercising this discretion in the context of a first-time, in-court identification, the court must consider the danger of misidentification from the suggestiveness of a first-time, in-court identification, and whether there are independent assurances of the identification's reliability that outweigh this risk" (id.). "Such considerations may include: the witness's familiarity with the defendant, the quality of the witness's opportunity to observe the defendant before the incident in question, the witness's ability to provide accurate descriptive details regarding the defendant, the time between the crime and the testimony, and whether there is other, reliable trial evidence corroborating the identification" (id. [citations omitted]). "The court must balance the probative value of the identification against the dangers of misidentification and other prejudice to the defendant" (id. at 248; see People v Howard, 234 AD3d 1366, 1367).
Here, the Supreme Court did not improvidently exercise its discretion in permitting the complainant to make an in-court identification. There were independent assurances of the reliability of the in-court identification. Moreover, there was other reliable evidence at trial to corroborate the identification, including the defendant's DNA found on the gun used during the robbery and the complainants' property found on the defendant's person. Therefore, the in-court identification "was far from the only evidence linking [the] defendant to this crime" (People v Perdue, 41 NY3d at 253; see People v Howard, 234 AD3d at 1368). Thus, the probative value of the in-court identification outweighed any danger of misidentification or other prejudice to the defendant. Any discrepancies between the complainant's testimony, the description she gave to the police, and her in-court identification of the defendant presented credibility issues for the jury to resolve (see People v Anderson, 118 AD3d 1138, 1142; People v Pittman, 186 AD2d 282, 282; People v Delfino, 150 AD2d 718, 718). Moreover, any error in permitting the in-court identification was harmless beyond a reasonable doubt because even without that identification, the other evidence establishing the defendant's identity was overwhelming, and there was no reasonable possibility that the error might have contributed to the defendant's convictions (see People v Francis, 190 AD3d 566, 567; People v Williams, 127 AD3d 1114, 1116; People v Ward, 116 AD3d 989, 992).
The defendant's contention that the Supreme Court violated his Sixth Amendment right to confrontation by admitting into evidence records of a DNA analysis performed by the Office of the Chief Medical Examiner of the City of New York is unpreserved for appellate review and, in any event, without merit (see People v Kinard, 187 AD3d 936, 936; People v Walters, 172 AD3d 916, 917).
Contrary to the defendant's contention, defense counsel was not ineffective for failing to object to the admission of the DNA evidence through the testimony of a criminalist. Defense counsel cannot be deemed ineffective for failing to advance an argument that has little or no chance of success (see People v Williams, 35 NY3d 24, 45-46; People v Flowers, 28 NY3d 536, 541; People v Ennis, 11 NY3d 403, 414-415). Similarly, defense counsel was not ineffective for failing to object to the admission of an out-of-court statement of a witness that she saw a male throw some objects over a fence between the location of the robbery and where the police stopped the defendant (see People v Ennis, 11 NY3d at 415; People v Kass, 59 AD3d 77, 87). Moreover, defense counsel was not ineffective for failing to timely move for a missing witness charge, since there was no indication that the witness would have provided noncumulative testimony favorable to the People (see People v Spagnuolo, 173 AD3d 1832, 1833; People v Gonzales, 145 AD3d 1432, 1433).
The defendant's contention that certain comments made by the prosecutor during his summation violated the defendant's right to a fair trial is mostly unpreserved for appellate review (see CPL 470.05[2]; People v Chianese, 194 AD3d 737, 738; People v Cordero, 167 AD3d 430, 430; People v Greening, 254 AD2d 739, 740) and, in any event, without merit.
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court