SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**1357**
**KA 09-02360**
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, GREEN, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

                        V                                    MEMORANDUM AND ORDER

JAY J. BARBONI, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

DONALD H. DODD, DISTRICT ATTORNEY, OSWEGO (MICHAEL G. CIANFARANO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered September 4, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and manslaughter in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [4] [depraved indifference murder]) and manslaughter in the first degree (§ 125.20 [4]), defendant contends that he was denied effective assistance of counsel during jury selection. We reject that contention. "The alleged error[] in defense counsel's representation [during jury selection is a] mere disagreement[] with defense counsel's . . . tactics, and defendant has failed to establish 'the absence of strategic or other legitimate explanations' for defense counsel's alleged shortcomings" (*People v Martin*, 79 AD3d 1793, 1793, *lv denied* 16 NY3d 861, quoting *People v Rivera*, 71 NY2d 705, 709).

We also reject defendant's challenge to the legal sufficiency of the evidence supporting the conviction of depraved indifference murder (*see generally People v Bleakley*, 69 NY2d 490, 495). Contrary to the contention of defendant, the evidence is legally sufficient to establish that he possessed the requisite culpable mental state to support that conviction (*see People v Varmette*, 70 AD3d 1167, 1169-1171, *lv denied* 14 NY3d 845; *People v Griffin*, 48 AD3d 1233, 1234-1235, *lv denied* 10 NY3d 840; *People v Bowman*, 48 AD3d 178, 184-185, *lv denied* 10 NY3d 808; *People v Maddox*, 31 AD3d 970, 971-972, *lv denied* 7 NY3d 868; *cf. People v Lewie*, 17 NY3d 348, 359-360; *see generally People v Suarez*, 6 NY3d 202, 210-213). Indeed, the evidence establishes that, on the day the crimes occurred, the victim, a 15-

month-old child, was happy and healthy before he was left alone with defendant.  The expert medical testimony presented by the People demonstrates that the child sustained at least five traumatic blows to the head, which led to brain swelling that caused his death, and that he sustained other injuries that would have resulted in legal blindness had he survived.  The injuries at issue were caused by trauma that occurred approximately two hours before the child's death, during which time he was in the sole care of defendant.

The record further establishes that the child's suffering yielded an apathetic response from defendant.  Around 8:00 P.M. on the night of the child's death, defendant telephoned his girlfriend, who was the mother of the child, and informed her that she needed to come home because the child was not breathing.  When the mother arrived approximately two minutes later, she ran past defendant, who was in the kitchen of her apartment and said to the mother that "he didn't know what happened."  When the mother reached the child's crib on the second floor of the apartment, she observed that the child was blue and not breathing.  Although defendant did not seek medical assistance for him, the child was transported to a hospital, where he was pronounced dead at 8:20 P.M.  The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is also legally sufficient to support the conviction of manslaughter in the first degree (*see generally Bleakley*, 69 NY2d at 495).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

We also conclude that there is no merit to defendant's contention that County Court erred in refusing to suppress certain physical evidence on the ground that it was illegally seized, inasmuch as defendant and the attorney who represented him when he was questioned by the police consented to the seizure of the evidence in question (*cf. People v Farrell*, 42 AD3d 954).  Defendant further contends that he was denied effective assistance of counsel based on that attorney's consent to the seizure.  "Even assuming, [arguendo, that] the right to effective assistance of counsel attached prior to [the seizure of the physical evidence in question] and that suppression is the appropriate remedy where a [seizure arises from] ineffective assistance of counsel" (*People v Carncross*, 14 NY3d 319, 331), we reject defendant's contention inasmuch as he failed to demonstrate the absence of a strategic explanation for that attorney's alleged shortcomings (*see People v Benevento*, 91 NY2d 708, 712; *see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  December 23, 2011                    Frances E. Cafarell
                                               Clerk of the Court