# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

131

KA 10-00287

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                            MEMORANDUM AND ORDER

FRANK GARCIA, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK GARCIA, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KELLY CHRISTINE WOLFORD OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered December 16, 2009. The judgment convicted defendant, upon a jury verdict, of murder in the first degree (two counts) and attempted murder in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count three of the indictment and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for resentencing on that count.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]) and attempted murder in the first degree (§§ 110.00, 125.27 [1] [a] [viii]; [b]). We reject defendant's contention that County Court erred in denying his challenges for cause with respect to three prospective jurors. "CPL 270.20 (1) (b) provides that a party may challenge a potential juror for cause if the juror 'has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial' " (*People v Harris*, 19 NY3d 679, 685). A " 'prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial' " (*id.* at 685, quoting *People v Chambers*, 97 NY2d 417, 419; *see People v Warrington*, 28 NY3d 1116, 1119-1120). Thus, " 'where [a] prospective juror[] unambiguously state[s] that, *despite preexisting opinions* that might indicate bias, [he or she] will decide the case impartially and based on the evidence, the trial court has discretion to deny the challenge for cause if it determines that the juror's promise to be impartial is

credible' " (*Warrington*, 28 NY3d at 1120).

The first prospective juror did not express any doubt concerning his ability to be fair and impartial, and the court therefore properly denied the for cause challenge (*see People v DeFreitas*, 116 AD3d 1078, 1079-1080, *lv denied* 24 NY3d 960; *People v Campanella*, 100 AD3d 1420, 1421, *lv denied* 20 NY3d 1060).  The second prospective juror expressed a preexisting opinion that would indicate bias, but she unambiguously stated upon further questioning that she would decide the case impartially based on the evidence (*see Warrington*, 28 NY3d at 1120).  Even assuming, arguendo, that we agree with defendant that the stricter standard set forth in *People v Torpey* (63 NY2d 361, 368, *rearg denied* 64 NY2d 885) applies with respect to this prospective juror, we conclude that the record does not show any possibility that the prospective juror's impressions of defendant might influence her verdict.  Finally, with respect to the third prospective juror, her statement that she would give more credit to the testimony of police officers raised serious doubt about her ability to be impartial (*see People v Mitchum*, 130 AD3d 1466, 1467; *People v Lewis*, 71 AD3d 1582, 1583), but the court thereafter elicited an unequivocal assurance that the prospective juror would decide the case impartially (*see People v Rogers*, 103 AD3d 1150, 1152, *lv denied* 21 NY3d 946).

Defendant contends that the court should have granted his motion for a mistrial after two prospective jurors indicated that they heard other prospective jurors discussing the case while awaiting voir dire. We conclude that the court did not abuse its discretion in denying the motion (*see People v Reader*, 142 AD3d 1109, 1109; *People v Dombroff*, 44 AD3d 785, 787, *lv denied* 9 NY3d 1005).  The court conducted an inquiry of several deputies who were in the courtroom, and the deputies indicated that they did not hear any discussion amongst the prospective jurors about the case.  In addition, the court questioned prospective jurors during individual voir dire if they had already formed an opinion as to defendant's guilt or innocence.

By failing to pursue his motion to suppress evidence or object to the introduction of such evidence at trial, defendant abandoned his contention that the court should have conducted a hearing on the motion (*see People v Mulligan*, 118 AD3d 1372, 1376, *lv denied* 25 NY3d 1075).  We reject defendant's contention that counsel's alleged failure to pursue the motion constituted ineffective assistance of counsel.  Defendant did not meet his burden of establishing that there was no "strategic or other legitimate explanation[]" (*People v Rivera*, 71 NY2d 705, 709) for counsel's alleged failure to pursue the motion. "There can be no denial of effective assistance of counsel arising from counsel's failure to 'make a motion . . . that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152, quoting *People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702).  Here, considering the People's responsive papers, which set forth the police investigation and identification of defendant as the suspect in the shootings, we conclude that there is no support in the record for a colorable argument for suppression inasmuch as the police had probable cause to arrest defendant (*see People v Carver*, 27 NY3d 418, 420-421;

*People v Motter*, 235 AD2d 582, 586, *lv denied* 89 NY2d 1038).
Defendant's other allegations of ineffective assistance of counsel set
forth in his main brief are also simple disagreements with trial
strategy and thus cannot serve as a basis for relief (*see People v
Barboni*, 90 AD3d 1548, 1548, *affd* 21 NY3d 393).  Defendant's
allegations of ineffective assistance of counsel raised in his pro se
supplemental brief are also without merit, and we conclude that the
evidence, the law, and the circumstances of this case, viewed in
totality and as of the time of the representation, establish that
defendant received meaningful representation (*see People v Baldi*, 54
NY2d 137, 147).

Defendant's contention that the grand jury proceeding was
defective because the indictment was filed after the grand jury term
expired for defendant's case is not preserved for our review (*see
People v Soto* [appeal No. 2], 163 AD2d 889, 889, *lv denied* 76 NY2d
991), and we decline to exercise our power to review it as a matter of
discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  As
the People correctly concede, the sentence of life without parole for
attempted murder in the first degree is illegal (*see* Penal Law § 60.05
[2]).  We therefore modify the judgment by vacating the sentence
imposed on count three, and we remit the matter to County Court for
resentencing on that count.

Defendant failed to preserve for our review his challenge in his
pro se supplemental brief to the use of information from certain
cellular phone records (*see People v Hall*, 86 AD3d 450, 451-452, *lv
denied* 19 NY3d 961, *cert denied* ___ US ___, 133 S Ct 1240).  We
decline to exercise our power to review that challenge as a matter of
discretion in the interest of justice (*see* CPL 470.15 [6] [a]).
Defendant's challenge in his pro se supplemental brief to the
sufficiency of the evidence before the grand jury is not properly
before us.  " 'Having failed to challenge the [legal] sufficiency of
the trial evidence, defendant may not now challenge the [legal]
sufficiency of the evidence before the grand jury' " (*People v McCoy*,
100 AD3d 1422, 1423; *see People v Smith*, 4 NY3d 806, 807-808; *People v
Lane*, 106 AD3d 1478, 1481-1482, *lv denied* 21 NY3d 1043).  We have
considered the remaining contentions of defendant raised in his pro se
supplemental brief and conclude that they are without merit.

Entered:  March 24, 2017                          Frances E. Cafarell
                                                  Clerk of the Court