People v Bailey (2021 NY Slip Op 02999)





People v Bailey


2021 NY Slip Op 02999


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Kern, J.P., González, Scarpulla, Mendez, JJ. 


Ind No. 4384/16 Appeal No. 13783 Case No. 2019-5315 

[*1]The People of the State of New York, Respondent,
v
Michael Bailey, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (David Bernstein of counsel), and Dechert LLP, New York (Konstantin Medvedovsky of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham L. Clott, J.), rendered February 8, 2018, convicting defendant, after a jury trial, of 12 counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of two to four years, unanimously affirmed.
The court providently exercised its discretion in denying defendant's challenge for cause to a prospective juror (see People v Warrington, 28 NY3d 1116, 112o-1121 [2016]; People v Arnold, 96 NY2d 358, 362-363 [2001]). When the panelist expressed a "preconceived notion" that if defendant had credit cards that were not his, that would be an "indication of some sort of guilt," the court carefully explained the permissive inference that a person in possession of two or more stolen credit cards knows they were stolen (see Penal Law § 165.55[3]). The panelist's responses, viewed as a whole, unequivocally established that he would follow the law, keep an open mind, and decide the issue of knowledge based on all the evidence. The panelist's "preconceived notion" was entirely compatible with the permissive inference of knowing possession.
Defendant did not preserve his claim that the court erred in dismissing a juror whose absence would cause a delay of at least two days, and we decline to review it in the interest of justice. Although defense counsel made a pro forma objection to replacing the juror, he effectively conceded that he had no basis for that objection, and deferred to the court's discretion. As an alternative holding, we find no basis for reversal. After a reasonably thorough inquiry, the court had sufficient information upon which to determine that the juror's absence, relating to the death of a relative and the impending funeral, would delay the trial by far more than the statutory two-hour period, and the court providently exercised its discretion when it replaced the juror (see CPL 270.35 [2] [a]; People v Jeanty, 94 NY2d 507, 515-517 [2000]; People v DeJesus, 127 AD3d 589, 590 [1st Dept 2015], lv denied 26 NY3d 928 [2015], cert denied US , 136 S Ct 1827 [2016]).
The prosecutor's summation did not deprive defendant of a fair trial (see People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). Although there were improper remarks, the court generally addressed them by sustaining defense objections, and a mistrial was not warranted under all the circumstances. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021