People v Salierno (2022 NY Slip Op 22024)

People v Salierno

2022 NY Slip Op 22024 [74 Misc 3d 60]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 30, 2022

[*1]

The People of the State of New York, Respondent,
v
Marissa M. Salierno, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, January 27, 2022

APPEARANCES OF COUNSEL

Quatela Chimeri PLLC (Christopher J. Chimeri, Joseph Covello and John R. Eyerman of counsel) for appellant.
Raymond A. Tierney, District Attorney (Alfred Croce III of counsel), for respondent.

{**74 Misc 3d at 62} OPINION OF THE COURT

Memorandum.

Ordered that the judgment of conviction is affirmed.
In an accusatory instrument charging defendant with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), it was alleged that, on February 2, 2017, defendant operated a motor vehicle while intoxicated and, while making a right turn at an intersection, crashed almost head on into another vehicle stopped at the traffic light, causing a three-car accident. Following a trial, the jury found defendant guilty as charged and defendant thereafter unsuccessfully moved pursuant to CPL 330.30 to set aside the verdict. Defendant appeals from a judgment of conviction rendered on October 9, 2019.
We first address defendant's contention that the District Court committed reversible error by denying her for-cause challenges to two prospective jurors. "CPL 270.20 (1) (b) provides that [*2]a party may challenge a potential juror for cause if the juror 'has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial' " (People v Harris, 19 NY3d 679, 685 [2012]). It is well established that " 'a prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally{**74 Misc 3d at 63} on the record that he or she can be fair and impartial' " (id., quoting People v Chambers, 97 NY2d 417, 419 [2002]; accord People v Warrington, 28 NY3d 1116, 1119-1120 [2016]; see People v Arnold, 96 NY2d 358, 363 [2001]; People v Johnson, 94 NY2d 600, 614 [2000]). "The CPL does not require any particular expurgatory oath or talismanic words to resolve doubt about a potential juror's ability to be fair" (Warrington, 28 NY3d at 1121 [internal quotation marks, brackets and ellipsis omitted]), and "the determination of a prospective juror's fitness to serve is 'committed largely to [the] judgment of the Trial Judge with his [or her] peculiar opportunities to make a fair evaluation' " (People v Giuliani, 47 Misc 3d 31, 33 [App Term, 2d Dept, 9th & 10th Jud Dists 2014], quoting People v Williams, 63 NY2d 882, 885 [1984]; accord People v Hall, 59 Misc 3d 137[A], 2018 NY Slip Op 50566[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; see Warrington, 28 NY3d at 1121).
[1] Here, the first prospective juror at issue indicated during voir dire that his prior employment at a law firm and his familial relationship with a prior judge of the District Court "might" affect his ability to be fair and impartial and that he would "probably" render a guilty verdict without hearing any evidence. Upon further inquiry by the court, the juror affirmed that his prior employment with the law firm would not affect his ability to sit as a fair and impartial juror. While the juror later stated that he "had family members . . . [who] drunk drove [sic] and got into accidents," the court asked the juror whether there was "anything about this case or [his] experience, [his] prior employment, that would impact [his] ability to be fair and impartial on this case," to which the juror responded, "No." Defense counsel requested to ask the juror an additional question for clarification. The court stated that it would ask the question and asked the juror, again, whether there was "anything about [his] experience, [his] prior employment or this case that would affect [his] ability to serve as a fair and impartial juror," to which the juror responded, "No."
We find that the responses given by that juror constituted clear and unequivocal assurances that he could be fair and impartial (see People v Gross, 172 AD3d 741 [2019]). Consequently, the court did not improvidently exercise its discretion in denying defendant's for-cause challenge with respect to this juror (see People v Chianese, 194 AD3d 737 [2021]; People v Atkinson, 42 Misc 3d 139[A], 2014 NY Slip Op 50169[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Defendant's {**74 Misc 3d at 64}contention that the District Court improperly denied defense counsel an adequate opportunity to question the juror about his family history of drunk driving is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, lacks merit. Defense counsel did not specifically object to the adequacy of the court's questioning in this regard, and defense counsel was afforded a fair opportunity to question the juror about relevant matters (see generally People v Steward, 17 NY3d 104, 110 [2011]; People v Jean, 75 NY2d 744, 745 [1989]).
[*3]
The District Court likewise did not improvidently exercise its discretion in denying defendant's for-cause challenge to the second juror at issue. Although the juror indicated that she had been involved in an accident caused by "an alleged drunk driver," she affirmed that she would be able to put aside her experience and be fair and impartial. The juror's responses, when viewed in context and as a whole (see Chambers, 97 NY2d at 419), did not raise a serious doubt as to her ability to render an impartial verdict, so as to trigger a duty upon the court to conduct a follow-up inquiry (see People v Dirschberger, 185 AD3d 1224, 1227 [2020]; People v DeFreitas, 116 AD3d 1078, 1079-1080 [2014]; Hall, 2018 NY Slip Op 50566[U]).
Defendant's contention that the conviction is not supported by legally sufficient evidence because the People failed to establish that she was intoxicated is unpreserved for appellate review, as defendant made only a general motion to dismiss following the People's case (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]) and failed to renew the motion after presenting her own evidence (see People v Kolupa, 13 NY3d 786, 787 [2009]; Hines, 97 NY2d at 61; cf. People v Finch, 23 NY3d 408, 412, 416 [2014]). In any event, this contention is without merit.
[2] A person is guilty of driving while intoxicated when he or she "has voluntarily consumed alcohol to the extent that he [or she] is incapable of employing the physical and mental abilities which he [or she] is expected to possess in order to operate a vehicle as a reasonable and prudent driver" (People v Cruz, 48 NY2d 419, 428 [1979]; see e.g. People v Velasquez, 65 AD3d 1266, 1266 [2009]). Here, the People presented evidence that, shortly before the three-car accident, defendant was observed operating her vehicle in an irregular and unsafe manner. Defendant made an "extremely wide" right turn at the intersection and crashed into another vehicle stopped at the traffic{**74 Misc 3d at 65} light almost head on and in such a forceful manner that the driver's head shattered the front windshield despite her wearing a seat belt and her vehicle was pushed back into a third vehicle. It appeared to a civilian witness that defendant did not make any effort to stop or slow down her vehicle immediately prior to the crash. Two witnesses considered defendant's behavior right after the accident to be "strange." Moreover, the arresting officer testified that defendant had bloodshot, glassy eyes and slurred speech, and had been unsteady on her feet, and that he had detected an odor of an alcoholic beverage on defendant's breath. Defendant failed a field sobriety test, where defendant exhibited all of the six clues of intoxication. Defendant also refused to submit to a breath test at the scene and repeatedly refused to take a chemical test despite warnings (see Vehicle and Traffic Law § 1194 [2] [f]). The arresting officer testified that, based on his training and experience, it was his opinion that defendant was "intoxicated." Viewing the foregoing evidence in the light most favorable to the People (see People v Delamota, 18 NY3d 107, 113 [2011]; People v Acosta, 80 NY2d 665, 672 [1993]), we conclude that it was legally sufficient to establish that defendant was intoxicated (see People v Farnsworth, 134 AD3d 1302, 1304 [2015]; People v Hill, 60 Misc 3d 131[A], 2018 NY Slip Op 50999[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]).
In conducting an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), we accord great deference to the factfinder's [*4]opportunity to view the witnesses, hear their testimony, and observe their demeanor (see People v Lane, 7 NY3d 888, 890 [2006]; People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we find that the verdict finding defendant guilty of common-law driving while intoxicated was not against the weight of the evidence (see People v Carota, 93 AD3d 1072, 1075 [2012]; People v Pierson, 190 AD2d 1070 [1993]; Hill, 2018 NY Slip Op 50999[U]).
The District Court did not improvidently exercise its discretion in precluding defendant from offering expert testimony, based entirely upon a review of defendant's medical records generated as a result of the accident, as to whether defendant was intoxicated. As a general rule, " 'the admissibility and limits of expert testimony lie primarily in the sound discretion of the trial court' " (People v Bedessie, 19 NY3d 147, 156 [2012],{**74 Misc 3d at 66} quoting People v Lee, 96 NY2d 157, 162 [2001]), and its determination "should not be disturbed on appeal in the absence of a serious mistake, an error of law, or an improvident exercise of discretion" (People v Okonkwo, 167 AD3d 657, 657 [2018]; see People v Linden, 52 Misc 3d 134[A], 2016 NY Slip Op 51019[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). To qualify as an expert it must be shown that the person "possess[es] . . . the requisite skill, training, education, knowledge or experience from which it can be assumed that the information imparted or the opinion rendered is reliable" (Matott v Ward, 48 NY2d 455, 459 [1979]; see People v White, 75 AD3d 109, 124 [2010]). "Expert opinions which are contingent, speculative, or merely possible lack probative force and are, therefore, inadmissible" (People v Robinson, 174 AD2d 998, 999 [1991] [internal quotation marks and citations omitted]).
[3] Here, the proffered testimony of the expert regarding the meaning of certain entries and notations made by defendant's treating physicians in the hospital records would have been speculative, as it would have been based upon no other documentation or personal knowledge of the facts. Moreover, defendant failed to show that such medical documentation as that involved herein was a source from which reliable inferences or conclusions as to the underlying patient's sobriety could be drawn. In any event, there is no indication in the record that the proposed expert possessed "the requisite skill, training, education, knowledge or experience" (Matott v Ward, 48 NY2d at 459) to draw such inferences and conclusions or to provide a reliable opinion as to defendant's sobriety (see People v White, 75 AD3d at 124). Therefore, absent a showing of "serious mistake, an error of law, or an improvident exercise of discretion" (Okonkwo, 167 AD3d at 657), the District Court did not err in precluding the expert witness.
Defendant's contentions that the People improperly withheld certain alleged Brady material (see Brady v Maryland, 373 US 83 [1963]) are either unpreserved for appellate review (see People v Williams, 176 AD3d 1122, 1124 [2019]; People v Francois, 137 AD3d 935, 936 [2016]) or without merit.
Finally, defendant's contention that various comments made by the prosecutor during summation were improper and deprived defendant of a fair trial is largely unpreserved for appellate review, as defendant either failed to object to most of the challenged remarks or [*5]objected on a different ground from that which is raised on appeal (see CPL 470.05 [2]; People v Romero{**74 Misc 3d at 67}, 7 NY3d 911, 912 [2006]; People v Spratley, 237 AD2d 545, 546 [1997]; People v Crumell, 61 Misc 3d 154[A], 2018 NY Slip Op 51814[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). In any event, most of the challenged comments were fair comments on the evidence (see People v Ashwal, 39 NY2d 105 [1976]), fair responses to the comments made in defense counsel's summation (see People v Negrin, 140 AD3d 1192, 1194 [2016]), or were within the broad bounds of rhetorical comment permissible in summations (see People v Galloway, 54 NY2d 396, 399 [1981]). While certain comments were improper, any prejudice therefrom was ameliorated by the trial court's curative instructions to the jury (see People v Morrow, 143 AD3d 919, 921 [2016]; People v Sylvain, 33 AD3d 330, 331-332 [2006]), and those improper comments which were not the subject of sustained objections were not so flagrant or pervasive as to deprive defendant of a fair trial (see People v Chizor, 190 AD3d 763 [2021]; People v Mapp, 188 AD3d 1260, 1260 [2020]).
We have reviewed defendant's remaining arguments and find them to be without merit.
Accordingly, the judgment of conviction is affirmed.
Emerson, J.P., Garguilo and Voutsinas, JJ., concur.