People v Goins (2022 NY Slip Op 04918)

People v Goins

2022 NY Slip Op 04918

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-06853
 (Ind. No. 777/18)

[*1]The People of the State of New York, respondent,
v
Shavon Goins, appellant.

Thomas R. Villecco, Jericho, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Autumn S. Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered August 11, 2020, convicting him of murder in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant contends that his rights pursuant to Brady v Maryland (373 US 83) were violated when the People failed to provide him with impeachment material concerning a prosecution witness. "To establish a Brady violation, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Fuentes, 12 NY3d 259, 263).
Here, the defendant failed to establish a Brady violation, as the People did not suppress the subject evidence, which they did not possess and of which they were not aware until it was revealed to them by defense counsel (see People v Santorelli, 95 NY2d 412, 421; People v Garrett, 23 NY3d 878, 886-887, 890-891). The People have no affirmative duty to investigate or gather exculpatory evidence on the defendant's behalf (see People v Hayes, 17 NY3d 46, 51), particularly where, as here, the defendant was already aware of the evidence (see People v Doshi, 93 NY2d 499, 506; People v Wade, 166 AD3d 912; People v Ahmed, 244 AD2d 415).
The defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside of the record, including matters of strategy concerning a recording not offered into evidence at the defendant's trial (see People v Croom, 171 AD3d 781, 783). Thus, it constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.

2020-06853 DECISION & ORDER ON MOTION
The People, etc., respondent,
v Shavon Goins, appellant.
(Ind. No. 777/18)

Motion by the appellant for a reconstruction hearing to set forth whether the appellant was present during side bar conferences at trial. By decision and order on motion of this Court dated August 16, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and upon the argument of the appeal, it is
ORDERED that the motion is denied.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court