People v Saeli (2023 NY Slip Op 04268)

People v Saeli

2023 NY Slip Op 04268

Decided on August 11, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND GREENWOOD, JJ.

428 KA 19-00015

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SAMUEL J. SAELI, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SAMUEL J. SAELI, DEFENDANT-APPELLANT PRO SE.
JASON L. SCHMIDT, DISTRICT ATTORNEY, MAYVILLE (ERIK D. BENTLEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Chautauqua County Court (Paul Wojtaszek, J.), rendered September 13, 2018. The judgment convicted defendant, upon a jury verdict, of kidnapping in the second degree and kidnapping in the second degree as a sexually motivated felony. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is reversed on the law, that part of the motion seeking to suppress evidence obtained pursuant to the search warrant is granted and a new trial is granted on both counts of the indictment.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of kidnapping in the second degree (Penal Law § 135.20) and kidnapping in the second degree as a sexually motivated felony (§§ 130.91, 135.20) arising from an incident in which defendant allegedly lured a young boy with disabilities from a store when he was separated from his family and sexually abused him. In appeal No. 2, defendant appeals from a resentence.
At the outset, we note that, inasmuch as the resentence in appeal No. 2 supersedes the original sentence in appeal No. 1, "the appeal from the judgment in appeal No. [1] insofar as it imposed sentence must be dismissed" (People v Hazzard [appeal No. 1], 173 AD3d 1763, 1764 [4th Dept 2019]).
We reject defendant's contention in his main brief in appeal
No. 1 that County Court erred in denying his challenges for cause with respect to four prospective jurors. "CPL 270.20 (1) (b) provides that a party may challenge a potential juror for cause if the juror 'has a state of mind that is likely to preclude [them] from rendering an impartial verdict based upon the evidence adduced at the trial' " (People v Harris, 19 NY3d 679, 685 [2012]). " '[A] prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that [they] can be fair and impartial' " (id., quoting People v Chambers, 97 NY2d 417, 419 [2002]; see People v Warrington, 28 NY3d 1116, 1119-1120 [2016]). Thus, " 'where [a] prospective juror[ ] unambiguously state[s] that, despite preexisting opinions that might indicate bias, [they] will decide the case impartially and based on the evidence, the trial court has discretion to deny the challenge for cause if it determines that the juror's promise to be impartial is credible' " (Warrington, 28 NY3d at 1120 [emphasis omitted]).
Here, the statements by the prospective jurors were made in the context of a question posed by defense counsel whether the prospective jurors believed that defendant, as he sat in the [*2]courtroom before them, must have done something wrong. The four prospective jurors raised their hands expressing agreement with the statement. However, the second and third prospective jurors explained that they raised their hand because they believed that defendant must have been accused of doing something wrong and neither of them expressed any personal belief against defendant. Thus, because those jurors did not express any doubt concerning their ability to be fair and impartial, the court properly denied the for-cause challenges (see People v Garcia, 148 AD3d 1559, 1560 [4th Dept 2017], lv denied 30 NY3d 980 [2017]). The first and fourth prospective jurors expressed their agreement with the proposition that defendant is presumed to be innocent, and they indicated that they considered defendant not guilty as he sat before them prior to trial. Those assurances were sufficient to overcome the potential doubt they expressed on their impartiality and, thus, the court did not err in denying defendant's challenges for cause as to those jurors (see People v Williams, 107 AD3d 746, 747 [2d Dept 2013], lv denied 21 NY3d 1047 [2013]; cf. People v Clark, 171 AD3d 1530, 1531 [4th Dept 2019]).
Defendant contends in his main brief in appeal No. 1 that the court erred in denying his motion during trial seeking to suppress evidence of, inter alia, internet searches made by defendant that were discovered by police during the execution of a search warrant of defendant's cellular phone. Defendant's contention is that the search warrant, inter alia, lacked particularity. A warrant must be "specific enough to leave no discretion to the executing officer" (People v Gordon, 36 NY3d 420, 429 [2021] [internal quotation marks omitted]). To meet the particularity requirement, a warrant must (1) "identify the specific offense for which the police have established probable cause," (2) "describe the place to be searched," and (3) "specify the items to be seized by their relation to designated crimes" (United States v Galpin, 720 F3d 436, 445-446 [2d Cir 2013] [internal quotation marks omitted]; see generally People v Madigan, 169 AD3d 1467, 1468 [4th Dept 2019], lv denied 33 NY3d 1033 [2019]). Here, the search warrant simply stated that the police were directed to search defendant's cellular phone for "digital and/or electronic evidence from August 13, 2016 to August 15, 2016." The warrant contained no language incorporating any other documents or facts. Significantly, the search of the phone was not restricted by reference to any particular crime. Thus, the search warrant failed to meet the particularity requirement and left discretion of the search to the executing officers (see People v Melamed, 178 AD3d 1079, 1081 [2d Dept 2019]; see generally Gordon, 36 NY3d at 429). While the search warrant application contained information about the crime and defendant's possession of the phone during the crime, the search warrant application was not incorporated into the search warrant and therefore "does not save the warrant from its facial invalidity" (Melamed, 178 AD3d at 1083 [internal quotation marks omitted]; see United States v George, 975 F2d 72, 76 [2d Cir 1992]). We therefore conclude that the court should have suppressed the evidence obtained by the police pursuant to the search warrant. Consequently, we reverse the judgment of conviction and a new trial is granted on both counts (see People v Stokeling, 165 AD3d 1180, 1181 [2d Dept 2018], lv denied 32 NY3d 1178 [2019]).
We agree with defendant that his conviction of kidnapping in the second degree was an inclusory concurrent count of kidnapping in the second degree as a sexually motivated felony (see People v MacLeod, 162 AD3d 1751, 1752 [4th Dept 2018], lv denied 32 NY3d 1005 [2018]). The court upon retrial should submit to the jury the kidnapping in the second degree count in the alternative only (see CPL 300.30 [4]; 300.40 [3] [b]; People v Piccione, 78 AD3d 1518, 1519 [4th Dept 2010]).
We have reviewed defendant's remaining contentions in his main brief and the contentions in his pro se supplemental brief in appeal No. 1 and conclude that none warrants dismissal of the indictment.
In light of our determination that reversal of the judgment in appeal No. 1 is required, we vacate the resentence in appeal No. 2 (see generally People v Cady, 103 AD3d 1155, 1157 [4th Dept 2013]).
Entered: August 11, 2023
Ann Dillon Flynn
Clerk of the Court