People v Rosa (2025 NY Slip Op 03907)

People v Rosa

2025 NY Slip Op 03907

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, DELCONTE, AND HANNAH, JJ.

425 KA 18-02189

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ELI S. ROSA, JR., DEFENDANT-APPELLANT. 

BANASIAK LAW OFFICE, PLLC, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered July 11, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree, robbery in the first degree and robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of murder in the second degree, and as modified the judgment is affirmed, and a new trial is granted on count 2 of the indictment.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [3] [felony murder]), robbery in the first degree (§ 160.15 [4]), and robbery in the second degree (§ 160.10 [1]).
We reject defendant's contention that Supreme Court erred in denying his challenge for cause to a prospective juror. Although no "particular expurgatory oath or 'talismanic' words [are required,] . . . [prospective] jurors must clearly express that any prior experiences or opinions that reveal the potential for bias will not prevent them from reaching an impartial verdict" (People v Arnold, 96 NY2d 358, 362 [2001]; see People v Mitchum, 130 AD3d 1466, 1467 [4th Dept 2015]). Here, when a prospective juror's statements raised a concern, the court elicited unequivocal affirmations from the prospective juror that she would "decide the case impartially and based on the evidence" (People v Garcia, 148 AD3d 1559, 1560 [4th Dept 2017], lv denied 30 NY3d 980 [2017] [internal quotation marks omitted]).
However, we agree with defendant that the court erred in refusing to charge the jury on the affirmative defense to felony murder pursuant to Penal Law § 125.25 (3). "In determining whether to issue a particular instruction [to the jury], the court 'must view the evidence adduced at trial in the light most favorable to the defendant' " (People v J.L., 36 NY3d 112, 119 [2020], quoting People v Zona, 14 NY3d 488, 493 [2010]). "[V]iew[ing] the evidence in the light most favorable to the defendant . . . [is] an exercise understood to be incompatible with weighing the evidence to resolve competing inferences" (People v McKenzie, 19 NY3d 463, 466 [2012]; see People v Butts, 72 NY2d 746, 750 [1988]). "Only when there is 'no reasonable view of the evidence [that] would support a finding of the tendered defense [is] the court' relieved of its 'obligation to submit the question to the jury' " (J.L., 36 NY3d at 119 [emphasis in original], quoting People v Watts, 57 NY2d 299, 301 [1982]). Thus, a requested charge "must be given if there is evidence reasonably supportive of the defense, even if there is other evidence which, if credited, would negate it" (McKenzie, 19 NY3d at 466).
It is an affirmative defense to felony murder that the defendant "(a) Did not commit the homicidal act or in any way solicit, request, command, importune, cause or aid the commission thereof; and (b) Was not armed with a deadly weapon, or any instrument, article or substance [*2]readily capable of causing death or serious physical injury and of a sort not ordinarily carried in public places by law-abiding persons; and (c) Had no reasonable ground to believe that any other participant was armed with such a weapon, instrument, article or substance; and (d) Had no reasonable ground to believe that any other participant intended to engage in conduct likely to result in death or serious physical injury" (Penal Law § 125.25 [3]).
A video entered into evidence at trial shows two codefendants approaching a male victim standing at the passenger door of a vehicle, while defendant approached a female victim at the driver's side of the vehicle. While defendant had his back to the codefendants, one of them shot and killed the male victim. Defendant then knocked the female victim to the ground and stole her purse. Defendant did not testify at trial. However, the People introduced a video of a police interrogation of defendant, in which he asserted that, although he drove his codefendants to the scene, he did not know they intended to commit a crime, was not aware they were armed, and was not himself carrying a weapon at the time of the crime.
The court determined that defendant was not entitled to the affirmative defense. We disagree. Even where, as here, the evidence shows that a defendant "intentionally aided [the primary assailant] in the commission of" the underlying felony, a trial court errs in refusing to charge the affirmative defense to felony murder where there is evidence that the defendant "did not participate in the acts causing the victim's death" (Matter of Anthony M., 63 NY2d 270, 282-283 [1984]; see also People v Johnson, 169 AD2d 498, 499-501 [1st Dept 1991], lv denied 77 NY2d 962 [1991]). Here, the trial evidence was "reasonably supportive of the view" that defendant satisfied the four elements of the affirmative defense and, "regardless of evidence to the contrary, the court [was] without discretion to deny the charge, and error in this regard requires reversal and a new trial" (J.L., 36 NY3d at 120). We therefore modify the judgment by reversing that part convicting defendant of murder in the second degree, and we grant him a new trial on count 2 of the indictment.
Finally, the sentence imposed on the remaining counts is not unduly harsh or severe.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court