People v Hawkins (2025 NY Slip Op 05252)

People v Hawkins

2025 NY Slip Op 05252

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
HELEN VOUTSINAS
SUSAN QUIRK, JJ.

2020-00603
 (Ind. No. 327/17)

[*1]The People of the State of New York, respondent,
v
Taylor Hawkins, appellant.

Patricia Pazner, New York, NY (Cynthia Colt and Joshua M. Levine of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Thomas B. Litsky, Timothy Pezzoli, and Rhys Johnson of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William E. Garnett, J.), rendered January 3, 2020, as amended February 26, 2020, and June 4, 2020, convicting him of criminal sexual act in the first degree, attempted criminal sexual act in the first degree, attempted rape in the first degree, sexual abuse in the first degree (six counts), strangulation in the second degree (three counts), attempted robbery in the second degree, criminal sexual act in the second degree, and attempted assault in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment, as amended, is affirmed.
A prospective juror may be challenged for cause on the ground that "[h]e [or she] has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20[1][b]). "[A] prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial" (People v Warrington, 28 NY3d 1116, 1119-1120; see People v Joseph, 235 AD3d 898, 899).
Although a prospective juror expressed some uncertainty regarding her ability to be impartial, after the Supreme Court engaged in a methodical inquiry, the prospective juror ultimately gave unequivocal assurances that she would "critically evaluate" police testimony (see People v Warrington, 28 NY3d at 1120-1121; People v Joseph, 235 AD3d at 899; People v Moses, 177 AD3d 619). Accordingly, the court providently exercised its discretion in denying the defendant's for-cause challenge to that prospective juror.
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review [*2]the claim on this direct appeal (see People v Freeman, 93 AD3d 805; People v Maxwell, 89 AD3d at 1108).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court