People v Thomas

2026 NY Slip Op 50802(U)

May 21, 2026

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Crimes—Disclosure--Failure to Disclose Exculpatory Material--Surveillance Camera Footage

The People of the State of New York, Respondent,

v

John Thomas, Appellant.

Supreme Court, Appellate Term, Second Department, 9th And 10th Judicial Districts

Decided on May 21, 2026

2023-91 W CR

Present: : Timothy S. Driscoll, P.J., Joseph R. Conway, Maria S. Vazquez-Doles, JJ

Scott M. Bishop, for appellant.
Westchester County District Attorney (Virginia A. Marciano and Steven A. Bender of counsel), for respondent.

Appeal from a judgment of the City Court of White Plains, Westchester County (Eric P. Press, J.), rendered January 18, 2023. The judgment convicted defendant, after a nonjury trial, of trespass, and imposed sentence.

[*1]

ORDERED that the judgment of conviction is affirmed.

Defendant was charged with trespass (Penal Law § 140.05) in connection with incidents that occurred at a grocery store. Following a nonjury trial, defendant was convicted as charged and sentence was imposed. On appeal, defendant argues that he was deprived of his constitutional rights to a fair trial and to confront his accusers because the grocery store failed to comply with a subpoena duces tecum directing it to disclose material related to defendant, and that defendant was prejudiced by the grocery store's noncompliance because there is a reasonable probability that disclosure of the material, in particular, surveillance camera footage of the subject incidents, would have changed the outcome of the trial.

Initially, we note that defendant did not seek any relief in the trial court with respect to the grocery store's noncompliance with the subpoena duces tecum. To the extent that defendant's appellate contentions can be interpreted as a Brady claim (see Brady v Maryland, 373 US 83 [1963]; People v McCray, 23 NY3d 193, 198 [2014]), such claim is unavailing. "To make out a successful Brady claim, a defendant must show that (1) the evidence is favorable to the defendant because it is either exculpatory or impeaching in nature; (2) the evidence was suppressed by the prosecution; and (3) prejudice arose because the suppressed evidence was material" (People v Cox, 225 AD3d 782, 783 [2024] [internal quotation marks omitted]; see People v McGhee, 36 NY3d 1063, 1064-1065 [2021]). "Where a defendant makes a specific request for undisclosed evidence, materiality is established if there exists a reasonable possibility that it would have [*2]changed the result of the proceedings" (People v Wright, 166 AD3d 1022, 1023 [2018]; see People v Fuentes, 12 NY3d 259, 263 [2009]). "Absent a specific request by the defendant for the evidence, materiality can only be demonstrated by a showing that there is a reasonable probability that it would have changed the outcome of the proceedings" (People v Breland, 178 AD3d 716, 717 [2019] [internal quotation marks omitted]; see People v Giuca, 33 NY3d 462, 473-474 [2019]).

Here, defendant's Brady claim is unpreserved for appellate review, as it was not raised before the trial court (see People v Williams, 176 AD3d 1122, 1124 [2019]; People v Salierno, 74 Misc 3d 60, 66 [App Term, 2d Dept, 9th & 10th Jud Dists 2022]). In any event, the claim is without merit, as there is no indication that the People suppressed the surveillance camera footage (see People v Garrett, 23 NY3d 878, 891 [2014]; People v Goins, 208 AD3d 592, 593 [2022]; People v Alisuarez, 186 AD3d 1391, 1392 [2020]; People v Maxwell, 152 AD3d 622, 623 [2017]; People v Messina, 43 Misc 3d 78, 84 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]) or that disclosure of the footage would have changed the result of the trial, even under the less demanding "reasonable possibility" standard (see People v McGhee, 36 NY3d at 1065; People v Giuca, 33 NY3d at 476; People v Fuentes, 12 NY3d at 263-264; People v Wells, 229 AD3d 812, 812 [2024]; People v Cox, 225 AD3d at 783).

Accordingly, the judgment of conviction is affirmed.

DRISCOLL, P.J., CONWAY and VAZQUEZ-DOLES, JJ., concur.

ENTER:

Jennifer Chan

Chief Clerk

Decision Date: May 21, 2026